**BUCHALTER**
A Professional Corporation
WILLMORE F. HOLBROW III (SBN: 169688)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: 213.891.0700
Fax: 213.896.0400
Email: wholbrow@buchalter.com
Attorneys for Plaintiff Local Gear, Inc. dba locally.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| LOCAL GEAR INC., dba locally.com<br><br>Plaintiff,<br><br>vs.<br><br>LOCKET IP LLC,<br><br>Defendants. | Case No. 2:22-cv-06995<br>Judge:<br><br>**COMPLAINT FOR DECLARATORY JUDGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Local Gear Inc. dba locally.com ("Plaintiff" or "Locally"), through its undersigned counsel, hereby submits this Complaint for Declaratory Judgement against Defendant Locket IP LLC ("Defendant" or "Locket IP") as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment arising under the patent laws of the United States, Title 35 of the United States Code. Locally seeks declaratory judgment that the software system it provides to customers does not infringe U.S. Patent No. 10,514,832 ("'832 Patent"), literally or under the doctrine of equivalents, and that the '832 Patent is invalid and unenforceable. This action

arises from a real and immediate controversy between Locally and Locket IP regarding whether Locally software system infringes any claims of the '832 Patent.

## PARTIES

2. Plaintiff Local Gear Inc., is a corporation organized and existing under the laws of the State of Louisiana, with its principal place of business located in New Orleans. Locally is, and at all relevant times was, authorized to transact business in the State of California.

3. Upon information and belief, Defendant Locket IP LLC claims that it is a limited liability company organized and existing under the laws of the State of Texas, with a principal place of business located in Frisco, Texas.

4. Defendant Locket IP LLC, sent a demand letter to a significant customer of Locally, namely Shimano North American Fishing, Inc., located in this judicial district. Attached as **Exhibit A**.

5. Upon information and belief, Defendant Locket IP is the owner by assignment of all rights, title and interest in U.S. Patent No. 10,514,832, (the "'832 Patent") entitled "Method for Locating Regions of Interest in a User Interface," which is attached as **Exhibit B**.

## JURISDICTION AND VENUE

6. This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and under the patent laws of the United States, Title 35 of the United States Code.

7. This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, *et*

*seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8. Locket IP is subject to personal jurisdiction in this Court at least because Locket IP engaged in actions in this District that form the basis of Locally's claims against Locket IP and that have created a real, live, immediate and justiciable case or controversy between Locket IP and Locally.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because this is the judicial district in which a substantial part of the events giving rise to the claim alleged in this Complaint occurred.

10. For these reasons and the reasons set forth below, a justiciable controversy exists between the parties, which is of sufficient immediacy, and reality to warrant declaratory relief.

## FACTUAL ALLEGATION

11. On August 26, 2022, Locket IP, through its counsel IP Edge LLC ("IP Edge"), sent a letter and attached claim chart to Locally's customer (collectively the "Notice Letter"). A true and accurate copy of the Notice Letter and corresponding claim chart is attached as **Exhibit A**, and is incorporated herein by reference. Locally is initiating this lawsuit in connection with defending the claims raised against its customer by Locket IP, in connection with the software system Locally provides for the benefit of its customer.

12. In the Notice Letter, Locket IP (1) accuses Locally's customer of infringing the '832 Patent; (2) identifies Locally's customer's website as an accused instrumentality; (3) outlines alleged conduct attributable to Locally and alleges that conduct to be infringing; (4) provides a claim chart asserting Locket IP's theory of infringement of the '832 Patent; (5) requests payment; and (6) requests a response within two weeks of the aforementioned date of the letter.

13. The Notice Letter and claim chart accuse Locally's customer and in essence Locally, of activities which Locket IP alleges infringe the '832 Patent, including "making, using, selling and/or offering for sale, as well as instructing" customers to use the infringing product.

14. In follow-up correspondence, counsel for Locket IP threatened to turn the matter over to litigation counsel if Locally's customer did not cooperate.

15. The Notice Letter sent by Locket IP is signed by Mr. Gautham Bodepudi of IP Edge. In the Notice Letter, Locket IP identifies IP Edge as its "licensing advisor."

16. Upon information and belief, Mr. Bodepudi and IP Edge are linked with several non-practicing entities ("NPE"), e.g., patent trolls that have acquired large numbers of patent properties from companies with the intention of initiating patent infringement suits against companies.

17. A true and accurate copy of selected pages from an August 10, 2021 RPX publication discussing IP Edge is attached hereto as **Exhibit C**, and is incorporated herein by reference.

18. The RPX publication states: "NPEs added 1,196 defendants to patent litigation campaigns during the first half of 2021, or 7% more than in the first half of the past year (during which NPEs added 1,118 defendants). Most of that increase is due to litigation filed by apparent affiliates of prolific patent monetization firm IP Edge LLC, which were responsible for 307 (or 25.7%) of the defendants added in the first half of this year."

19. Upon information and belief, Locket IP offers no products or services aside from its licensing of the '832 Patent and it exists solely for that purpose.

**COMPLAINT FOR DECLARATORY JUDGMENT;
DEMAND FOR JURY TRIAL**

20. Locally and Locket IP have a clear conflict of asserted rights against one another, and an actual controversy exists between Locally and Locket IP with respect to the '832 Patent.

21. As a result of Locket IP's actions, Locally has a reasonable apprehension of enforcement of the '832 Patent against it. Therefore, Locally files this action in order to resolve an actual and justiciable controversy between itself and Locket IP hereto.

### The Subject Matter Claimed in the '832 Patent

22. The '832 Patent is directed to a previously known and abstract idea of accessing and searching a database of known television program display cards.

23. The purported invention, allows a user to "implement a command where the user interface will automatically change the position of the displayed cards to show regions of interest." This is nothing more than a routine business method of using a television guide to filter and sort out programming based on user preferences.

24. Upon information and belief, the '832 Patent is directed to a known method of organizing and displaying television programming data based on user preferences.

### COUNT I

### Request for Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,514,832

25. Locally incorporates and realleges each allegation contained in prior paragraphs of this Complaint, as though fully set forth herein.

26. There is an actual and justiciable controversy between Locally and Locket IP concerning infringement of the '832 Patent.

27. Locally has not infringed and does not infringe either literally or under the doctrine of equivalents any claim of the '832 Patent, including Claim 1 asserted by Locket IP, directly, contributorily, or by inducement.

28. The Locally product does not infringe asserted Claim 1 of the '832 Patent either literally or under the doctrine of equivalents because it does not include at least the following claim limitations of Claim 1, literally or under the doctrine of equivalents:

- determining, in response to a user command, regions of interest within each of a plurality of cards by searching information indicating previous user preferences,
- updating for display the plurality of cards to visibly show in a display area of a display device the at least one region of interest of multiple cards included in a first group of the plurality of cards, and
- to visibly display the at least one region of interest within all of the multiple cards included in the first group within the display area of the display device.

29. Locally does not directly infringe asserted Claim 1 of the '832 Patent because it does not perform each and every element of asserted Claim 1, for at least the reasons set forth above.

30. Locally does not actively induce its customers to infringe asserted Claim 1 of the '832 Patent for at least the reasons stated above.

31. Locally does not actively contribute to its customers' infringement of Claim 1 of the '832 Patent for at least the reasons stated above.

32. Locally does not indirectly infringe asserted Claim 1 of the '832 Patent because it has a good faith belief that Claim 1 is invalid and not infringed.

33. For reasons similar to those discussed above, Locally does not directly or indirectly infringe or induce or contribute to the infringement by others of any of the claims of the '832 Patent, literally or under the doctrine of equivalents.

34. Locally is entitled to a declaratory judgment that it does not directly or indirectly infringe any claims of the '832 Patent, including asserted Claim 1, either literally or under the doctrine of equivalents.

## COUNT II

### Request for Declaratory Judgment of Invalidity of U.S. Patent No. 10,514,832

35. Locally incorporates and realleges each allegation contained in prior paragraphs of this Complaint, as though fully set forth herein.

36. There is an actual and justiciable controversy between Locally and Locket IP concerning validity of the '832 Patent.

37. The claims of the '832 Patent are invalid for failure to comply with one or more of the conditions of patentability under Title 35 of the United States Code and related judicial doctrines, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

38. The claims of the '832 Patent are invalid as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103 in light of the relevant prior art that disclose each claim element of the '832 Patent prior to the effective filing date of the '832 Patent. For example, asserted Claim 1 of the '832 Patent is anticipated by U.S. Patent Publication No. 2012/0054794 A1 ("*Kim*"), U.S. Patent Publication No. 2012/0147055 A1 ("*Pallakoff*"), U.S. Patent Publication No. 2009/0259958 A1 ("*Ban*"), U.S. Patent Publication No. 2008/0122796 A1 ("*Jobs*"), and International Publication No. WO 2011/011120 A2 ("*Shiplacoff*"), each of which discloses each and every element of asserted Claim 1 and the other claims of the '832 Patent. To

the extent asserted the claims are not anticipated by any one of the references, the claims would have been obvious over Kim to a person of ordinary skill in the art, or in the alternative, over any one of Pallakoff, Ban, Jobs or Shiplacoff in view of Kim. Locally is not aware of any secondary considerations that could rebut this prima facie case of obviousness.

39. As yet another example, the claims of the '832 Patent are invalid for failing to comply with the requirements of 35 U.S.C. § 112(a) and (b). For example, asserted Claim 1 of the '832 Patent is indefinite under Section 112(a) and fails to meet the written description requirement under Section 112(b) because the limitation "the at least one region of interest of multiple cards" has no antecedent basis and is vague and ambiguous.

40. The claims of the '832 Patent are also invalid under 35 U.S.C. § 101. For example, the claims of the '832 Patent (including asserted Claim 1) are directed to the abstract idea of selecting, sorting, and displaying television program information by user interest or subject matter.

41. Locally is entitled to a declaratory judgment that the claims of the '832 Patent, including asserted Claim 1, are invalid and/or unenforceable under 35 U.S.C. §§ 101, 102, 103 and/or 112(a) and (b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a final judgment in its favor and against Defendant as follows:

1. A declaratory judgment that Locally software product has not infringed and does not infringe any of the claims of the '832 Patent, including asserted Claim 1;

2. A declaratory judgment that the claims of the '832 Patent, including asserted Claim 1, are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112(a) and (b);

3. Find this to be an exceptional case under 35 U.S.C. § 285, and award Locally its reasonable attorneys' fees;

4. Award Locally its costs and attorneys' fees; and

5. Award Locally such other relief as the Court may deem proper.

DATED:  September 27, 2022            BUCHALTER
                                      A Professional Corporation

                                      By: /s/ Willmore F. Holbrow III
                                          WILLMORE F. HOLBROW III
                                          Attorneys for Plaintiffs
                                          LOCAL GEAR INC., dba locally.com

## DEMAND FOR JURY TRIAL

Plaintiff Local Gear, Inc. dba locally.com, hereby requests a jury trial on all issues so triable.

DATED: September 27, 2022

BUCHALTER
A Professional Corporation

By: /s/ Willmore F. Holbrow III
WILLMORE F. HOLBROW III
Attorneys for Plaintiffs
LOCAL GEAR INC., dba locally.com